No. 20-1526

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

United States of America,

Plaintiff-Appellee,

vs.

Joseph Furando,

Defendant,

Christine M. Furando, Green Grease, LLC,
Jungle Habitat Properties, LLC, and
Summit Performance Solutions, LLC,

Claimants-Appellants

On Appeal from the United States District Court for the
Southern District of Indiana,
USDC No. 1:13-cr-00189-SEB-TAB-4
The Hon. Sarah Evans Barker, District Judge, presiding

# APPELLANTS' REPLY BRIEF

KOMIE AND ASSOCIATES
Stephen M. Komie
Brian E. King
One North LaSalle Street, Suite 4200
Chicago, Illinois 60602
312.263.2800
Attorneys for Appellants

No. 20-1526

In The
United States Court of Appeals
For The Seventh Circuit

United States of America,

Plaintiff-Appellee,

vs.

Joseph Furando,

Defendant,

Christine M. Furando, Green Grease, LLC,
Jungle Habitat Properties, LLC, and
Summit Performance Solutions, LLC,

Claimants-Appellants

On Appeal from the United States District Court for the
Southern District of Indiana,
USDC No. 1:13-cr-00189-SEB-TAB-4
The Hon. Sarah Evans Barker, District Judge, presiding

# Appellants' Reply Brief

Komie and Associates
Stephen M. Komie
Brian E. King
One North LaSalle Street, Suite 4200
Chicago, Illinois 60602
312.263.2800
Attorneys for Appellants

# TABLE OF CONTENTS

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  The district court erred as a matter of law when
    it *sua sponte* denied Claimants' Petition on the
    merits without a pending dispositive motion of
    record and without a hearing . . . . . . . . . . . . . . . . . . . . . 1

II. The district court erred in granting the government's
    motion for an interlocutory sale of Christine
    Furando's home . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

*Box v. A & P Tea Co.*, 772 F.3d 1372 (7th Cir.1985)  . . . . . . . . . . 4

*Car Carriers, Inc. v. Ford Motor Co.*,
   745 F.2d 1101 (7th Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Cardoso v. Robert Bosch Corp*, 427 F.3d 429 (7th Cir.2005)  . . . . . 4

*Christensen v. County of Boone*, 483 F.3d 454 (7th Cir.2007)  . . . . 2

*Hishon v. King & Spalding*, 467 U.S. 69 (1984)  . . . . . . . . . . . . . . 2

*Perkins v. Silverstein, et al.*, 939 F.2d 463 (7th Cir.1991) . . . . . . . . 7

*United States ex rel Chepurko v. E-Biofuels, LLC, et al.*,
   Case No. 1:14-cv-00377-TWP-MJD,
   2020 WL 2085071 (S.D.Ind. Apr. 30, 2020)  . . . . . . . . . . . . . . . 3, 4

*United States v. Grossman*, 501 F.3d 846 (7th Cir.2007)  . . . . . . . . 1

*United States v. Haning*, 479 F.Supp.3d 803 (E.D. Mo. 2020) . . . 13

*United States v. Holy Land Foundation for Relief
   and Development*, 722 F.3d 677 (5th Cir.2013) . . . . . . . . . . . . . 1

*United States v. Ifediba*,
   2021 WL 3633462 (N.D. Ala. Aug 17, 2021)  . . . . . . . . . . . . . 13

*United States v. Magness*, 125 F.Supp.3d 447 (W.D.N.Y. 2015)  . 13

*United Union of Roofers, Waterproofers, and
   Allied Trades No. 40 v. Insurance Corporation of America*,
   919 F.2d 1398 (9th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Zambrano v. Reniert*, 291 F.3d 964 (7th Cir.2002) . . . . . . . . . . . . 2

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
   401 U.S. 321 (1971)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21 U.S.C. § 853 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Rule of Civil Procedure 12 . . . . . . . . . . . . . . . . . . . . . 6, 8

Federal Rule of Civil Procedure 15 . . . . . . . . . . . . . . . . . . . . . . . 7

# Argument

## I. The district court erred as a matter of law when it *sua sponte* denied Claimants' Petition on the merits without a pending dispositive motion of record and without a hearing

### A. The government's first argument claims the Court should affirm a non-existent order on a motion to dismiss, yet incorrectly cites a standard of review for rulings on the merits.

The government's standard of review is wrong.  The heading for government's argument Roman numeral I, states "this Court should affirm the *dismissal* of the Petition."[1] But it does not supply a standard of review for rulings on motions to dismiss. Instead, it provides a standard of review for evaluating a district court's ruling on an ancillary petition **on the merits**.[2]

In this Circuit, a district court's ruling on a motion to dismiss is reviewed *de novo*.[3] "Dismissal of a claim is appropriate only where 'it is clear that no relief could be granted under any set of facts that

---

[1] Appellee's Brief at 21 [Emphasis added.]

[2] *Id.*, citing *United States v. Holy Land Foundation for Relief and Development*, 722 F.3d 677, 683 (5th Cir.2013).

[3] *United States v. Grossman*, 501 F.3d 846 (7th Cir.2007), citing *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir.2002).

could be proved consistent with the allegations.' "[4] All well-pleaded allegations of the petition are taken as true and all reasonable inferences are drawn in favor of claimants.[5] Hence in motions to dismiss, trial courts do not make findings of fact as the government implies.

Therefore, if the district court had ruled on a motion to dismiss, the standard of review would be *de novo*. Of course, as noted in Claimants' opening brief, it was a legal impossibility for the district court to rule on a motion to dismiss as there was no such motion pending. Nevertheless, as urged by Claimants in their opening brief the standard of review for this Court is still *de novo* because the question presented is purely a question of law.[6]

---

[4] *Id.*, quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

[5] *Id.*, citing *Christensen v. County of Boone*, 483 F.3d 454, 466 (7th Cir.2007).

[6] In their opening Brief, Claimants argued "[t]he district court erred as a matter of law when it *sua sponte* denied Claimants' Petition on the merits without a pending dispositive motion of record and without a hearing." (Br. at 29.) The standard of review was noted as *de novo* because the issue presented was a question of statutory interpretation and constitutional law, citing *Zambrano v. Reniert*, 291 F.3d 964, 968 (7th Cir.2002), citing *Publ'ns Int'l Ltd. v. Meredith Corp.*, 88 F.3d 473, 478 (7th Cir.1996). (*Id.*)

**B.    The government's brief incorrectly regurgitates the legal maxim that an appellate court can affirm based on any reason in the record, and then improperly uses this as a foundational excuse to raise a laundry list of issues *dehors* the Record.**

The government does not answer any of the issues raised in Claimant's first argument on appeal. Indeed, it completely ignores the issues, instead pretending that a motion to dismiss had been filed and the trial court had ruled on this imaginary motion.

The government's strategy is to imply a familiar legal maxim, namely that an appellate court can affirm for any reason in the record, and then claim support in the record for its imaginary motion. This strategy is without citation and without elaboration in its Brief. Notably this claim is found only in its summary of argument.[7]

---

[7] This questionable tactic of inserting frivolous points into the summary of argument appears to be accepted practice for the government. In its summary, Appellee also frivolously claims that Christine should be estopped from asserting any claims given her participation in the underlying criminal proceedings . . ." (Appellee's Brief at 19.) The government knows this statement is misleading and preposterous. Moreover, as the government is fully aware, a very similar attempted use of an *estoppel* argument against Christine was completely rejected in the related proceeding, *United States ex rel Chepurko v. E-Biofuels, LLC, et al.*, Case No. 1:14-cv-00377-TWP-MJD, 2020 WL 2085071 (S.D.Ind. Apr. 30, 2020). "Based on these principles and the facts surrounding Christine Furando's involvement in the criminal

Aside from violating the rules, the government's claim is without legal support in precedent. For the full statement of the legal maxim provides that an appellate court can affirm for any reason in the record "so long as that ground was adequately addressed in the district court and the nonmoving party had an opportunity to contest the issue."[8]

Here, Claimants never had an opportunity to address any of the issues the government now raises. Not only is the record completely devoid of these issues, but there was never even a dispositive

matter, the Court concludes that applying privity and collateral estoppel to establish her personal liability in this case would be patently unfair and offend principles of due process. Christine Furando appeared in court on a single day for a change of plea hearing in a representative capacity for Caravan and Cima Green. She did not appear in her personal capacity." (*Id.* at 13.)

[8] *Cardoso v. Robert Bosch Corp*, 427 F.3d 429, 432 (7th Cir.2005), citing *Box v. A & P Tea Co.*, 772 F.3d 1372, 1376 (7th Cir.1985). "True, we may affirm a summary judgment on any ground that finds support in the record, but the ground must have been adequately presented in the trial court so that the non-moving party had an opportunity to submit affidavits or other evidence and contest the issue." *Box,* 772 F.3d at 1376, citing *United States v. Winthrop Towers*, 628 F.2d 1028, 1037 (7th Cir.1980); *Miller v. Gateway Transportation Co.*, 616 F.2d 272, 275 n. 7 (7th Cir.1980); *Charbonnages de France v. Smith*, 597 F.2d 406, 416 n. 9 (4th Cir.1979); *Arlinghaus v. Ritenour*, 622 F.2d 629, 638 (2d Cir.), cert. denied, 449 U.S. 1013, 101 S.Ct. 570 (1980).

motion on file. Hence Claimants were never put on notice that the district court would rule on its Petition *sua sponte* when it did.

Therefore, it would be patently unfair to affirm based on any of the reasons set forth in the government's Brief because these reasons and issues were never raised in the district court and Claimants were never afforded any opportunity to contest these issues. This Court should ignore these arguments which are made for the first time on appeal.

**C.    To be clear even had the government filed a motion to dismiss Claimants' Petition, and even had the district court granted it, Claimants would have had a right to amend the Petition pursuant to Federal Rule of Civil Procedure 15.**

The overall gist of the government's brief ignores the Record in the trial court and instead pretends as though a motion to dismiss actually had been filed and granted by the district court. Moreover, despite the fact that Claimants' opening brief discussed the absence of any dispositive motion in the Record, the government chose to completely forfeit any counter-argument.

The entirety of the government's Roman Numeral I, which spans more than three quarters of its argument, asks the Court to

"[a]ffirm the [d]ismissal of the [p]etition."[9] As mentioned before, not only was there no motion to dismiss filed, but there was also no order "dismissing" the petition; hence, there is no such order in the Record for this Court to affirm.[10] The government forfeited any counter-argument that the district court denied the Petition as opposed to dismissing it.

The importance of this is two-fold. First, the government's revisionist history is a complete fabrication of the record. There is no record supporting its version because it never filed any motion to dismiss in the district court.

Second, the government's argument ignores a key purpose of a motion to dismiss under Rule 12; it allows the non-moving party an opportunity to both answer the motion as well as an opportunity to amend its pleading. In other words, had the government filed a motion to dismiss and raised the issues it presents for the first time

---

[9] Appellee's Brief at 21.

[10] In fact the district court did not dismiss the petition, it "DENIED" it. (A01.) But the district court not only denied the petition, it purported to make factual findings, as well. Although it is unclear precisely what facts it did find. (*Id.*; Appellants' Brief at 34-35.) Therefore, it is impossible to conclude that the district court "dismissed" the petition.

on appeal, Claimants would have had an opportunity to amend their petition in the district court.[11]

Therefore, this Court should reject the government's arguments. The Court should reverse the district court's order denying Claimants' Petition, vacate all orders entered thereafter, and remand for proceedings consistent with this Court's ultimate opinion.

## D.   The government's brief forfeited argument to virtually every issue raised in Claimants' Brief.

Most remarkably, the government's tactic in this appeal is to completely ignore virtually every issue raised in Claimants' Brief and instead erect a defense based upon a Record that does not exist.

The government's entire argument concerning the denial of Claimants' petition pretends to be supported by a motion to dismiss which was never filed. Moreover the government fails to even address why it did not file a motion to dismiss. If, in fact, the case

---

[11] FED. R. CIV. P. 15(a); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971); *Perkins v. Silverstein, et al.*, 939 F.2d 463, 471 (7th Cir.1991), citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir.1984).

is as clear cut as the government now claims, why did the government wait until this case was on appeal before raising any of these novel arguments?

Notably, the criminal forfeiture statute instructs the trial court to expedite third party claims because it states, "[t]he hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition."[12] The civil rules require a responsive pleading to be filed within twenty-one days, or at the latest, sixty days, after service of process .[13] In the 991 days Claimants' Petition was pending in the district court, the government never filed a motion to dismiss, responsive pleading, or an answer to the Petition at all.

And in response to Claimants' Brief, the government completely ignored and forfeited any answer to a myriad of issues, *inter alia*,

1. Claimants' argument that the trial court purported to make factual findings *sua sponte* and without a proper Record[14];

---

[12] 21 U.S.C. 853(n)(4)

[13] FED. R. CIV. P. 12

[14] Appellants' Brief at 36-38.

2. Claimants' argument that the trial court did not *dismiss* Claimants' Petition but rather stated it was *denying* Claimants' Petition apparently after weighing facts and on the merits[15];

3. Claimants' argument that absent an order granting a dispositive motion, pursuant to Subsection 853(n), a trial court must hold an evidentiary hearing prior to ruling on a third party's claim[16];

4. Claimants' argument that Joseph Furando could not forfeit property he did not own[17];

5. Claimants' argument that the trial court ignored its prior orders[18]; and

---

[15] *Id.*

[16] Appellants' Brief at 38-43.

[17] Appellants' Brief at 45-49.

[18] Appellants' Brief at 45-47.

6. Claimants' argument that the trial court ignored the terms of Joseph Furando's plea agreement, which was drafted by the government.[19]

Therefore, this Court should hold that the government forfeited any response to the above noted issues. Moreover, it should hold that the government forfeited its opportunity to file a motion to dismiss or answer to the Joint Petition. The Court should reverse the district court's order denying Claimants' Petition, vacate all orders entered thereafter, and remand for proceedings consistent with this Court's ultimate opinion.

**E.    Christine Furando's limited liability companies do have standing to assert claims because the limited liability companies appeared as parties and filed the Joint Petition with Christine Furando.**

The government claims, "Christine Furando, as an alleged member of the limited liability companies, lacked standing to assert a claim to assets owned by the companies."[20] However, the

---

[19] Appellants' Brief at 47-48.

[20] Appellee's Brief at 25.

government misapprehends the Joint Petition and omits critical facts.

First, the Petition was filed in the proper names of four distinct claimants: (1) Christine Furando, (2) Green Grease, LLC, (3) Jungle Habitat Properties, LLC, and (4) Summit Performance Solutions, LLC. The opening paragraph of the Petition states, "NOW COME the Claimants," and lists all four claimants.[21]

Second, the government also ignores that the Petition pleads the Claimants and describes all four independent Claimants.[22]

Third, in the recitation of the claims, the Green Grease and Summit Performance claims are made in the name of the individual claimants. For example, paragraphs nineteen (19) and twenty (20) of the Joint Petition state:

> 19.   That Claimant GREEN GREASE, LLC by
>        CHRISTINE M. FURANDO, as a member, claims as
>        an owner Funds up to $175,000.00 in PNC Bank,
>        Acct#2184 in the name of Green Grease, LLC (Asset
>        Identification Number: 12-FBI-004947). That Green
>        Grease, LLC was not an indicted company subject
>        to the Order of Forfeiture (Doc. 429). Further,

---

[21] A06 (Doc. 432.)

[22] A06-A07.

Claimant has retained the services of a Certified
Public Accountant in the State of New Jersey who
has examined the books and records of Green
Grease Solutions. On information and belief the
accountant has concluded that $300,000 to
$400,000 or more of the funds seized belonging to
GREEN GREASE, LLC were not part of any fraud.
That Claimant has been in discussions with
representatives of the Plaintiff on returning the non-
fraudulent funds through counsel.  Those
discussion have not resulted in a settlement of that
claim so that matter remains outstanding at the
time of filing this claim.

20.   That Claimant GREEN GREASE, LLC by
CHRISTINE M. FURANDO, as a member, has a
valid third party interest in the personal property
together with all right, title and interest. 21 U.S.C.
853(n).[23]

The meaning of these paragraphs is clear. Green Grease, LLC is

the Claimant. Green Grease filed a separate appearance. And Green

Grease, LLC filed a claim in its name. Yet the government omits all

of these facts and apparently focuses upon the language "by

CHRISTINE M. FURANDO, as a member," to conclude that

Christine Furando is filing the claim. But in fact, the plain language

is that Christine is merely serving the role as a representative for

---

[23] A09-A10.

the entity. The same analysis holds true for Summit Performance

Solution's Claim, which can be found at paragraphs twenty-one

(21) and twenty-two (22) of the Joint Petition.[24]

    As to Jungle Habitat Properties, LLC, Claimants admit

mistakenly pleading Christine Furando's interest in her 51%

ownership share of Jungle Habitat. However, unlike the cases cited

by the government, Jungle Habitat did file an appearance in this

case and Jungle Habitat was pled as a claimant.[25] Hence, had the

government filed a motion to dismiss in the district court,

Claimants would have asked the district court for leave to file an

amended petition properly alleging Jungle Habitat's legal interest.

Because the government was on notice of the claim, and no

---

[24] A10.

[25] *United States v. Magness*, 125 F.Supp.3d 447, 448 (W.D.N.Y. 2015)(Criminal "Defendant Justin Magness . . . filed a Petition [pursuant to Subsection 853(n)] . . . on the basis that he possessed a one-half ownership in the forfeited monies because of his one-half ownership in Superior Metal Powders, LLC." In *Magness*, the limited liability company did not file an appearance, did not plead to be a claimant, and did not make a claim. This is the distinction found in the government's other two cases: *United States v. Haning*, 479 F.Supp.3d 803 (E.D. Mo. 2020) and *United States v. Ifediba*, 2021 WL 3633462 (N.D. Ala. Aug 17, 2021). Therefore, these cases are distinguishable from the facts here and not on point.

prejudice would have resulted, the district court likely would have allowed this amendment.[26]

In fact, as mentioned in the opening brief, the government could never claim lack of notice of this claim because an unopposed motion to sell real property owned by Jungle Habitat was filed in the district court.[27]

This Court should reject the government's arguments concerning standing and hold that the government forfeited its opportunity to file a motion to dismiss in the trial court. The Court should reverse the district court's order denying Claimants' Petition, vacate all orders entered thereafter, and remand for proceedings consistent with this Court's ultimate opinion.

## II.    The district court erred in granting the government's motion for an interlocutory sale of Christine Furando's home.

Both parties have presented arguments concerning the order on the sale of the home. The government does not appear to disagree

---

[26] *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corporation of America*, 919 F.2d 1398, 1402-03 (9th Cir.1990).

[27] Appellants' Brief at 14-15; 45-47; Doc 129; 131.

with Christine, rather it claims that Christine does not have a legal interest in her home. Thus, according to the government, her objections to the sale of the home and the sale procedures should not have been considered by the trial court. Christine disagrees for the reasons set forth in the briefs.

The decision on this issue will turn on this Court's decision concerning the denial of Claimants' Petition. However, Christine reiterates her argument that the district court erred by failing to consider her objections to the order of sale; hence this Court should vacate this order and remand the matter for further proceedings consistent with this Court's ultimate opinion.

## Conclusion

Wherefore, for the foregoing reasons, Claimants-Appellants

respectfully pray for an order of this Court:

A.     Reversing the district court's March 17, 2020 Order
       denying Claimants' Section 853(n) Petition (Doc. 506);

B.     Vacating all orders entered subsequent to the aforesaid
       March 17, 2020 Order (Doc. 506);

C.     Reversing the district court's March 17, 2020 Order
       granting Plaintiff's Motion for an Interlocutory Sale (Doc.
       508);

D.     Remanding this matter back to the district court for
       further proceedings consistent with the Opinion filed
       herein; and

E.     Upon Remand, order that this case shall be re-assigned
       pursuant to Circuit Rule 36.

                    Respectfully submitted,

                    /s/ Stephen M. Komie
                    Stephen M. Komie
                    Attorney for Claimants
                    Stephen M. Komie and Associates
                    One North LaSalle Street, Suite 4200
                    Chicago, Illinois 60602
                    Tel. 312/263-2800

## CIRCUIT RULE 32 CERTIFICATION

I hereby certify that:

1. This brief complies with the type volume limitation of Federal Rules of Appellate Procedure 32(a)(7)(B) because it contains ___ 3,083 __ words.

2. This brief complied with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5), 32(a)(6), and Circuit Rule 32(b), because it has been prepared using the WordPerfect X3 proportionally-spaced typeface Bookman Old Style with 14-point font in the text and 13-point font in the footnotes.

__/s/ Stephen M. Komie___
Stephen M. Komie
Komie and Associates
One North LaSalle St., 42nd Flr.
Chicago, Illinois 60602
312.263.2800

## **PROOF OF SERVICE**

The undersigned, an attorney, deposes and states that a true and correct copy of Appellants' Reply Brief has been served upon the below named parties, by filing said document in the CM/ECF system on May 6, 2022.

TO:    Shelese M. Woods, AUSA
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204
shelese.woods@usdoj.gov

Bob Wood, A.U.S.A
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204
Bob.Wood@usdoj.gov

Kelly Rota, A.U.S.A
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204
Kelly.Rota@usdoj.gov

James H. Voyles, Jr.
Voyles Vaiana Lukemeyer Baldwin & Webb
211 N Pennsylvania St Suite 2400
Indianapolis, IN 46204
jvoyles@voyleslegal.com

/s/ Stephen M. Komie____
Stephen M. Komie, Esq.
Komie and Associates
One N. LaSalle Street, Suite 4200
Chicago, Illinois 60602
312/263-2800
stephen_m_komie@komie-and-associates.com